UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUIS PEREIRA AND MARIA PEREIRA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-12230-PBS |
| SETERUS, INC., | ) ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION ON
DISMISSAL FOR LACK OF PROSECUTION

December 17, 2013

SOROKIN, C.M.J.

　　This action, seeking postponement of a foreclosure sale, was removed to this Court on September 9, 2013. Docket No. 1. The Court held a Scheduling Conference on October 21, 2013. Docket No. 10. Plaintiff Maria Pereira appeared, indicated a desire to retain counsel and was given until November 4, 2013, to do so. Id. In the event Plaintiff did not retain counsel, she was ordered to file a status report by that day. Id. To date, no lawyer has filed a Notice of Appearance and Plaintiff has failed to file any status report.

　　On November 18, 2013, the Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the Complaint fails to state a claim upon which relief may be granted. Docket Nos. 11, 12. On November 19, 2013, the Court Ordered that the Plaintiffs must file their response to Defendant's Motion to Dismiss by the close of business on Friday,

December 6, 2013.  Docket No. 13.  The Court noted Plaintiffs' failure to comply with its earlier Order and warned them that a failure to file any response to the pending motion to dismiss by December 6, 2013 may result in the dismissal of this action pursuant to Fed. R. Civ. P. 41(b), for the Plaintiffs' failure to prosecute the action, and/or for their failure to comply with Orders of the Court.  See Order, Docket No. 13.  The Clerk mailed copies of the Court's Order to both Luis and Maria Pereira individually at 3 Wallace Street, Berkley, MA 02779, via U.S. Mail, on November 19, 2013.  To date, there has been no response from the Plaintiffs.

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002).  "[A] litigant who ignores case-management deadlines does so at his peril."  Tower Ventures, Inc., 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).  "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]"  Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, I RECOMMEND that the Court dismiss this action for the Plaintiffs' failure to prosecute the action, and/or for their failure to comply with Orders of the Court.[1]

/s/ Leo T. Sorokin
LEO T. SOROKIN
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).